# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| PAUL E. ANDREWS and MARIA J. ANDREWS, as personal representatives of the Estate of Louise Andrews, | )<br>)<br>) |
| Plaintiffs, | ) Case No. 6:18-03373-CV-RK |
| v. | ) |
| ENVOY AIR INC., MICHAEL VESPA, | ) |
| Defendants. | ) |

## ORDER DIRECTING SUPPLEMENTAL BRIEFING

Before the Court are two joint motions: (1) the parties' joint motion to approve their settlement and (2) the parties' joint motion to seal the settlement agreement attached to their motion. (Docs. 55, 56.) For the reasons below, the Court directs the parties to provide additional briefing on their motions by February 5, 2020.

### Background

Louise Andrews filed this personal injury case in Missouri state court, and Defendants removed it to this Court on the basis of diversity jurisdiction. (Doc. 1.) On May 16, 2019, Defendants advised the Court that Plaintiff Louise Andrews had passed away. (Doc. 41.) Thereafter, the Court allowed Paul E. Andrews and Maria J. Andrews to be substituted as plaintiffs. (Doc. 49.) Plaintiffs then filed an amended complaint asserting that Louise Andrews' personal injury claims "survive" her death under Mo. Rev. Stat. § 537.020. (Doc. 51.) The parties have now settled, and they seek the Court's approval of their settlement and an order sealing their settlement agreement. A routine status conference is currently scheduled for February 7, 2020.

### Discussion

**I. Joint Motion to Approve the Settlement**

On the present record, the Court cannot discern whether it has authority to approve the parties' settlement. According to the parties' motion for settlement approval, Plaintiffs opened Ms. Andrews's estate in South Carolina. The motion cites South Carolina statutes, which state that "[a]ny settlement of a . . . survival action must be approved by either a probate court, circuit court, or United States District Court." S.C. Code § 15-51-41. Under South Carolina law, "[f]or

any actions pending in the federal courts," federal courts may, at their discretion, either approve the settlement or transfer the action "to state court" for approval. *Id.* § 15-51-42(C), (D).

It seems that these statutes apply only to claims arising under South Carolina law and do not require or allow the Court to approve a settlement of the Missouri law personal injury claims at issue in this case. In addition to citing the South Carolina statutes, the joint motion states that Missouri law applies in this case because Ms. Andrews's injuries were sustained in Missouri. (Doc. 55 at 1 ¶ 2.) Despite this, the parties have cited no Missouri law for the proposition that the Court has authority to approve their settlement. The Court is not aware of any authority that requires or allows the Court to approve a settlement of a personal injury claim that survived the death of the plaintiff under § 537.020—unlike a wrongful death claim, which requires approval under Mo. Rev. Stat. § 537.095. Nor have the parties directed the Court to any choice-of-law principle showing that the Court has authority to apply the South Carolina statutes and approve the settlement.

Accordingly, the Court directs the parties to provide supplemental briefing on the motion for settlement approval by February 5, 2020. If the parties intend to continue pursuing their motion, they should be prepared to present evidence and arguments on the motion at the February 7, 2020 status conference.

**II.    Joint Motion to Seal**

The parties' joint motion to seal provides insufficient information for the Court to grant a seal of the settlement agreement. There is a common law presumption that judicial records are open to the public, including submissions in connection with settlements that must be approved by the Court. *Hart v. ITC Serv. Grp., Inc.*, No. 4:15-CV-00599-DGK, 2017 WL 2728439, at *1 (W.D. Mo. June 23, 2017). "[A] party may overcome the presumption of openness by showing a *compelling* need to seal documents." *Id.* (emphasis in original). "A court . . . will not seal documents that were integral to its approval of a settlement simply because the parties agreed to keep the material terms confidential." *Id.*

Here, the only reason provided in support of the request for a seal is that "[t]he Parties have agreed that the amount and terms of the settlement shall remain confidential." (Doc. 56 at 1 ¶ 4.) This is an insufficient reason to seal the settlement agreement. Accordingly, the Court directs the parties to provide the Court with supplemental briefing on the motion by February 5, 2020. If the parties intend to continue pursuing their motion to seal the settlement agreement, they should be

prepared to present arguments about why there is a compelling need to seal the settlement agreement at the February 7, 2020 status conference.

## Conclusion

Accordingly, the Court directs the parties to file supplemental briefing on their joint motions for settlement approval and to seal the settlement agreement by February 5, 2020.

**IT IS SO ORDERED**

                                            s/ Roseann A. Ketchmark
                                            ROSEANN A. KETCHMARK, JUDGE
                                            UNITED STATES DISTRICT COURT

DATED: January 28, 2020